# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE DISCIPLINE OF KRISTOPHER M. MILICEVIC, BAR NO. 12447.

No. 71578

IN RE: DISCIPLINE OF KRISTOPHER M. MILICEVIC, BAR NO. 12447.

No. 72696

**FILED**

JUN 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

These two matters come before this court on automatic review of recommended discipline from separate Southern Nevada Disciplinary Board hearing panels regarding attorney Kristopher M. Milicevic. Because no briefs have been filed in either matter, both matters stand submitted for decision based on the records. SCR 105(3)(b).

*Docket No. 71578*

This is a review under SCR 105(3)(b) of a recommendation that Milicevic be suspended from the practice of law in Nevada for three years based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), RPC 1.5 (fees), RPC 8.1(d) (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

The State Bar has the burden of showing by clear and convincing evidence that Milicevic committed the violations charged. *In re Discipline of Drakulich,* 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Milicevic failed to answer the complaint and a default

was entered. SCR 105(2). The record therefore establishes that Milicevic violated the above-referenced rules by failing to adequately communicate with the complaining clients, to file a timely appeal of the denial of a client's worker's compensation benefits, and to terminate his representation of a client. Additionally, Milicevic did not cooperate with the disciplinary investigation because he failed to respond to the State Bar's letters that were sent certified mail, the voicemail messages left on his answering service or his cell phone, and the message the State Bar left with his father after he had abandoned his practice.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we therefore "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Milicevic violated duties owed to his clients (diligence, communication, and declining or terminating representation) and the profession (fees and failing to respond to a lawful request for information from a disciplinary authority). The conduct alleged in the complaint appears to have been intentional or negligent. Milicevic's abandonment of his practice injured one of his clients because the time for appealing the denial of her worker's compensation benefits lapsed while he was representing her. Milicevic's failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a

self-regulating disciplinary system. The panel found three aggravating circumstances (obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, refusal to acknowledge the wrongful nature of conduct, and indifference to making restitution) and two mitigating circumstances (absence of prior disciplinary record and absence of dishonest or selfish motive). *See* SCR 102.5.

Considering all of these factors, we agree that a suspension is warranted, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar Ass'n 2015), particularly because Milicevic has had no prior disciplinary offenses and there is an absence of dishonest or selfish motive. We agree that the recommended suspension of three years is sufficient to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). We also agree that Milicevic should be required to pay the costs of the disciplinary proceedings.

*Docket No. 72696*

This is a review of a recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for the stated form of discipline of a one-year suspension to run concurrently with the suspension in Docket No. 71578 and the imposition of conditions on Milicevic's reinstatement for his admitted violations of RPC 1.4 (communication).

Because Milicevic admitted to the facts and charges alleged in the complaint, the record establishes that Milicevic violated RPC 1.4 by failing to adequately communicate with the complaining clients. Thus, Milicevic has violated a duty owed to his clients (communication). The

conduct alleged in the complaint appears to have been intentional or negligent. The panel found one aggravating circumstance (multiple offenses) and four mitigating circumstances (absence of dishonest or selfish motive, personal or emotional problems, timely good faith efforts to make restitution or rectify consequences of misconduct, and remorse). SCR 102.5.

Considering the duties violated and the aggravating and mitigating circumstances, we conclude that a one-year suspension, to run concurrently with the three-year suspension imposed in Docket No. 71578, and the conditions imposed on Milicevic's reinstatement are sufficient to serve the purpose of attorney discipline. SCR 105(3)(b); *Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28. Thus, the conditional guilty plea agreement is approved. SCR 113(1).

Accordingly, in Docket No. 71578 we suspend attorney Kristopher M. Milicevic from the practice of law in Nevada for a period of three years commencing from the date of this order. In Docket No. 72696, we suspend Milicevic for a period of one year to run concurrently with the suspension imposed in Docket No. 71578. Additionally, Milicevic shall submit the issue of his fees charged in Docket No. 72696 to binding fee dispute arbitration. Further, upon reinstatement, Milicevic shall (1) obtain a mentor approved by the State Bar to review his practice to ensure that he does not abandon his clients in the future; (2) either work in a law firm under the supervision of another attorney or ensure that he has sufficient staff to prevent him from being overwhelmed by his practice; and (3) continue mental health counseling at the recommendation of his treating mental health professional. Milicevic shall pay the costs of the disciplinary proceedings, plus fees in the amount of $2,500, *see* SCR

120(1), in both Docket No. 71578 and Docket No. 72696, as invoiced by the State Bar within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.



_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Chair, Southern Nevada Disciplinary Board
Kristopher M. Milicevic
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court